**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEPHEN E. McMILLAN,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>    Defendant. | CASE NO.:   1:18-cv-02362-EGS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Pursuant to Fed. R. Civ. P. 12(b)(1), the Washington Metropolitan Area Transit Authority ("WMATA") hereby submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint With Prejudice, and in support thereof, state as follows:

**I.     STANDARD OF REVIEW**

"The district courts of the United States are courts of limited subject matter jurisdiction." *Exxon Mobil Corp. v. Allapatah Servs., Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2611, 2616, 162 L.Ed.2d 502 (2005) (internal quotation omitted). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A defendant properly raises the jurisdictional defense of *res judicata* by bringing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Rizvi v. McClure*, 597 F.Supp.2d 63, 66 (D.D.C. 2009). On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction. *Id.* When considering a motion to dismiss for lack of jurisdiction, the court is not limited to the allegations of the complaint. *Williams v. Wilkie*, 320 F. Supp. 3d 191, 195–96 (D.D.C. 2018).

## II. PROCEDURAL HISTORY

1. On November 2, 2010, Plaintiff filed a Complaint against WMATA alleging discrimination and "unlawful employment practices" resulting in termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII"). *See* the 2010 Complaint, *McMillan v. WMATA*, 1:10-cv-01867 (EGS) attached hereto and adopted herein as *Exhibit 1*.

2. On October 12, 2012, this Court entered and Order and filed a Memorandum Opinion granting judgment in favor of WMATA and against Plaintiff. *See* the October 12, 2012 Order and Memorandum Opinion attached hereto and adopted herein as *Exhibits 2* and *3*, respectively.

3. On October 31, 2012, Plaintiff filed a Notice of Appeal. See the docket for *McMillan v. WMATA*, 1:10-cv-01867 (EGS) attached hereto and adopted herein as *Exhibit 4*.

4. On February 14, 2013, Plaintiff's Appeal was dismissed by the United States Court of Appeals for the D.C. Circuit for lack of prosecution and failure to respond to a Show Cause Order. *See* the February 14, 2013 Order attached hereto and adopted herein as *Exhibit 5*.

5. After waiting six years from this Court's Order granting WMATA summary judgment, Plaintiff filed the present suit against WMATA, again claiming "employment discrimination" and alleged misconduct. (ECF 1).

## III. ARGUMENT

The doctrine of *res judicata* precludes parties from contesting matters they have had a full and fair opportunity to litigate. *Capitol Hill Group v. Pillsbury Winthrop Shaw Pittman, LLP*, 574 F. Supp. 2d 143, 148 (D.D.C. 2008), *aff'd sub nom. Capitol Hill Group v. Pillsbury,*

*Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485 (D.C. Cir. 2009).  This Court traditionally applies four elements to determine whether res judicata bars a plaintiff from seeking relief:

> (1) an identity of parties; (2) a judgment from a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action

*Rizvi v. McClure*, 597 F.Supp.2d 63, 66 (D.D.C. 2009).  When evaluating the identity of the causes of action, courts in this Circuit look to whether they are based on the same nucleus of facts, and whether the facts are related in time, space, origin and motivation, among other factors.  *Hawkins v. Kurland*, 953 F. Supp. 2d 115, 119 (D.D.C. 2013), *aff'd*, 13-7127, 2014 WL 2178720 (D.C. Cir. Apr. 28, 2014).

In *Rizvi*, final judgment was entered against the plaintiff, Ms. Rizvi, in state court, and the judgment was affirmed by the state's Appeals Court.  *Rizvi v. McClure*, 597 F.Supp.2d 63, 66 (D.D.C. 2009).  Ms. Rizvi then filed a complaint in federal court attempting to claim her due process rights were violated with respect to the original judgment entered against her.  *Id.*  The court found with respect to her suit in federal court that Ms. Rizvi failed to establish jurisdiction, and that her suit was barred by *res judicata*.  *Id.*  This case demands the same result.

Here, Plaintiff already has sued WMATA regarding alleged employment discrimination, among other allegations, and this Court granted summary judgment.  *Exhibits 2-3*.  Summary judgment constitutes final judgment on the merits.  *Ashbourne v. Hansberry*, 894 F.3d 298, 302 (D.C. Cir. 2018).  Further, the D.C. Circuit dismissed Plaintiff's ensuing appeal.  *Exhibit 5*.  Now, Plaintiff again tries to sue WMATA alleging employment discrimination and "malfeasance."  (ECF 1).  The elements of *res judicata* are satisfied because the parties are the same, final judgment on the merits of the case was entered by a court of competent jurisdiction, and the cause of action presently put forward undoubtedly arises from the same nucleus of facts as those alleged in Plaintiff's 2010 Complaint.  Just like in *Rizvi*, judgment was entered against

Plaintiff, Plaintiff's appeal failed, and a new filing in federal court alleging some violation of rights should be barred because this Court lacks jurisdiction to hear such claims.  The doctrine of *res judicata* should prevent Plaintiff from pursuing a claim he previously had a full and fair opportunity to litigate.

In the alternative, if this Court does not agree this suit is barred by the doctrine of *res judicata*, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief could be granted.  A complaint must contain sufficient factual allegations, accepted as true, which are sufficient to state a claim for relief plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*; 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Further, Fed. R. Civ. P. 8 requires short and plain statements of the claim showing the pleader is entitled to relief.  Plaintiff's nonsensical Complaint fails to state sufficient factual allegations to state a claim for relief plausible on its face.  Nothing stated in Plaintiff's Complaint demonstrates beyond a speculative level that he is owed relief, and in violation of Fed. R. Civ. P. 8, WMATA is not fairly on notice regarding the substance of Plaintiff's claims levied against it.

WHEREFORE, in consideration of the foregoing grounds, Defendant WMATA requests this Honorable Court grant the instant motion, thereby dismissing Plaintiff's Complaint with prejudice, and grant to Defendant any such other and further relief as this Court deems just and proper.

Dated:  November 9, 2018

Respectfully submitted,

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

*/s/ M. Richard Coel*
M. Richard Coel (DC Bar No. 1005236)
Office of General Counsel
Washington Metropolitan Area Transit Authority
600 Fifth Street, NW
Washington, DC 20001
T: (202) 962-6096
F: (202) 962-2550
E: RCoel@wmata.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was electronically served on all counsel of record via the Court's CM/ECF system, and on this 9th day of November, 2018, sent by first class mail, postage pre-paid to the following:

    Stephen E. McMillan
    7706 Fanwood Ct.
    District Heights, MD  20747


                      */s/ M. Richard Coel*
                      M. Richard Coel