**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STEPHEN E. McMILLAN,<br><br>　　Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>　　Defendant. | CASE NO.:　　1:18-cv-02362-EGS |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant Washington Metropolitan Area Transit Authority ("WMATA") moved to dismiss Plaintiff's one-page Complaint because Plaintiff's claims are barred by the doctrine of *res judicata* and this Court therefore lacks subject matter jurisdiction over this case. (ECF 6). Not only does Plaintiff's Opposition fail to adequately confront this argument, it illustrates precisely why *res judicata* should apply. Plaintiff readily admits, "The Order *obtained* from this Court on October 12, 2012 by WMATA for Summary Judgment, is the basis – not the essence of the Plaintiff's current Claim." (ECF 13, p. 5, emphasis in original). The remainder of Plaintiff's Opposition – including the cited case law – is nonsensical, non-binding, or not applicable to the facts at issue.

Despite Plaintiff's Opposition, the facts remain: six years after this Court granted summary judgment, Plaintiff now improperly attempts to contest those very same matters which he had a full and fair opportunity to litigate. No complex analysis is needed for this Court to apply *res judicata*, because the same parties litigated the same cause of action, which resulted in a final judgment on the merits. *See Polsby v. Thompson*, 201 F.Supp.2d 45, 48 (D.D.C. 2002). "Also, the doctrine of *res judicata* applies to all the parties' rights regarding matters that could

have been litigated as well as those matters that were actually litigated." *Id.* To the extent Plaintiff feels the October 12, 2012 Order was wrongly decided, Plaintiff had an opportunity to appeal. In fact, he did appeal, and that appeal was dismissed for lack of prosecution. (ECF 6, *Ex. 5*). Additionally, this case must be dismissed consistent with the policy of enforcing the doctrine of res judicata: "to conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Reynolds v. U.S. Dept. of Justice*, 10 F.Supp.3d 134, 141 (D.D.C. 2014) (quoting *Hardison v. Alexander*, 655 F.2d 1281, 1288, 211 U.S.App.D.C. 51, 58 (D.C. Cir. 1981)). Such policy serves the interest of the public as well as those of the prevailing party in the prior litigation. This Court plainly lacks jurisdiction over Plaintiff's present claims, and this matter must be dismissed in its entirety.

    WHEREFORE, in consideration of the foregoing grounds, Defendant WMATA requests this Honorable Court grant the instant motion, thereby dismissing Plaintiff's Complaint with prejudice, and grant to Defendant any such other and further relief as this Court deems just and proper.

Dated: December 18, 2018

    Respectfully submitted,

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

 */s/ M. Richard Coel*
M. Richard Coel (DC Bar No. 1005236)
Office of General Counsel
Washington Metropolitan Area Transit Authority
600 Fifth Street, NW
Washington, DC 20001
T: (202) 962-6096
F: (202) 962-2550
E: RCoel@wmata.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was electronically served on all counsel of record via the Court's CM/ECF system, and on this 18th day of December, 2018, sent by first class mail, postage pre-paid to the following:

   Stephen E. McMillan
   7706 Fanwood Ct.
   District Heights, MD  20747


              */s/ M. Richard Coel*
              M. Richard Coel