**UNITED STATES DISTRICT COURT**
                     **FOR THE DISTRICT OF COLUMBIA**

| STEPHEN E. McMILLAN             |                     |
|                                 |                     |
|              Plaintiff,         |                     |
| v.                              |                     |
|                                 | No. 18-cv-2362 (EGS)|
| WASHINGTON METROPOLITAN AREA    |                     |
| TRANSIT AUTHORITY,              |                     |
|                                 |                     |
|              Defendant.         |                     |

**MEMORANDUM OPINION**

In 2010, Plaintiff Stephen E. McMillan ("Mr. McMillan"), proceeding *pro se*, brought an employment discrimination lawsuit against Defendant Washington Metropolitan Area Transit Authority ("WMATA") under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as well as the First and Fourteenth Amendments to the United States Constitution, arising out of the termination of his employment. In 2012, this Court granted WMATA's motion for summary judgment, finding, *inter alia*, that: (1) Mr. McMillan failed to exhaust his administrative remedies with respect to several of his Title VII claims; (2) WMATA asserted a legitimate, nondiscriminatory explanation for its discipline and termination of Mr. McMillan; (3) Mr. McMillan failed to demonstrate that WMATA's explanation was a pretext for discrimination, and no reasonable jury could find that WMATA's stated reasons for his termination were pretextual; and

(4) WMATA was immune from Mr. McMillan's constitutional claims, which were construed as claims under 42 U.S.C § 1983. *McMillan v. Wash. Metro. Area Transit Auth.*, 898 F. Supp. 2d 64, 66, 68-72 (D.D.C. 2012) ("*McMillan I*"). Mr. McMillan appealed the Court's decision, and the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") dismissed the appeal for lack of prosecution.

Undeterred, Mr. McMillan brings a new Title VII action against WMATA, alleging employment discrimination and malfeasance. WMATA moves to dismiss the action with prejudice, arguing that Mr. McMillan cannot relitigate his termination. Upon careful consideration of the motion, opposition and reply thereto, the applicable law, and the entire record herein, the Court concludes that Mr. McMillan's complaint fails to state a claim upon which relief can be granted, and that the doctrine of *res judicata* bars this action because it is another challenge to Mr. McMillan's termination. Accordingly, the Court **GRANTS** WMATA's motion to dismiss and **DISMISSES WITH PREJUDICE** the Complaint.

I. **Background**

The factual background in this case, which is set forth in greater detail in the prior Opinion, will not be repeated in

full here.[1] *See McMillan I*, 898 F. Supp. 2d at 66-68. In November 1999, WMATA hired Mr. McMillan as an elevator and escalator technician. *Id*. at 66. After his inquiry into the status and distribution of a bonus owed to another WMATA employee who recruited him to work at WMATA, Mr. McMillan allegedly experienced "negative consequences" for the rest of his career there. *Id.; see also* Def.'s Statement of Material Facts Not in Dispute, *McMillan I*, Civil Action No. 10-1867, ECF No. 15-2 at 2 ¶ 3.[2] According to him, WMATA denied him career advancement opportunities. *McMillan I*, 898 F. Supp. 2d at 66. And he observed WMATA exclusively hiring female employees for administrative job openings without regard to time-in-service or time-in-grade. *Id.*

Mr. McMillan lodged a complaint with WMATA's Office of Civil Rights, alleging "mismanagement" and "discrimination," *id.*, and he attempted to file one with WMATA's Inspector

---

[1] Mr. McMillan's one-page complaint does not include numbered paragraphs as required by Federal Rule of Civil Procedure 10(b). Nonetheless, the Court considers the documents attached to his complaint, *see* Compl., ECF No. 1-1 at 1-16, including his complaint filed in *McMillan I*. *See Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) ("[A] court may consider on a motion to dismiss the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint[.]" (citation and internal quotation marks omitted)).

[2] When citing electronic filings throughout this Opinion, the Court cites to the ECF page number, not the page number of the filed document.

3

General's Office to allege fraud, waste, and abuse. *Id.* at 66-67. WMATA's Office of Civil Rights concluded that his complaint did not fall within the purview of Title VII because it failed to involve discrimination allegations, and recommended that Mr. McMillan contact his union representative or superintendent. *Id.* at 66.

Between February 2007 and June 2008, Mr. McMillan was involved in at least four separate incidents at WMATA that resulted in disciplinary actions, including a written warning and three suspensions. *Id.* at 67, 72; *see also* Letter from David A. Lacosse, Director, Office of Elevator & Escalator Servs., to Mr. McMillan (Dec. 3, 2008), *McMillan I*, Civil Action No. 10-1867, ECF No. 15-3 at 3. Pending the outcome of an investigation into "annual and monthly preventive maintenance" work that he was tasked with performing at a Metrorail station escalator unit, WMATA placed Mr. McMillan on administrative leave in November 2008. *Id.* at 2. One month later, WMATA terminated Mr. McMillan, citing his work-related incidents and negligence in performing the maintenance work. *Id.* at 2-3.

Mr. McMillan filed his first Title VII lawsuit against WMATA on November 2, 2010 after filing a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and receiving the EEOC's Dismissal and Notice of Rights. *McMillan I*, 898 F. Supp. 2d at

4

72 at 67. Mr. McMillan alleged, *inter alia*, that WMATA retaliated against him from April 11, 2002 through June 10, 2008. *Id.* On October 12, 2012, this Court granted WMATA's motion for summary judgment, *id.* at 72, and entered final judgment in favor of WMATA, Order, *McMillan I*, Civil Action 10-1867, ECF No. 22 at 1. The Court found that: (1) WMATA was immune from Mr. McMillan's constitutional claims, which the Court construed as claims brought under 42 U.S.C. § 1983, *McMillan I*, 898 F. Supp. 2d at 68-70; (2) Mr. McMillan failed to exhaust his administrative remedies with respect to several of the Title VII claims, except his retaliation claim as to the termination, *id.* at 70-71; (3) WMATA asserted a legitimate, nondiscriminatory explanation for its discipline and termination of Mr. McMillan, *id.* at 72, and (4) Mr. McMillan failed to demonstrate that WMATA's explanation was pretextual, and a reasonable jury could not find that WMATA's stated reasons were pretextual, *id.* On October 31, 2012, Mr. McMillan filed a Notice of Appeal, Pl.'s Notice of Appeal, *McMillan I*, Civil Action 10-1867, ECF No. 24 at 1. The D.C. Circuit dismissed the appeal for lack of prosecution because Mr. McMillan failed to respond to an Order to Show Cause. Order, *McMillan v. Wash. Metro. Area Transit Auth.*, No. 12-7117 (D.C. Cir. Feb. 14, 2013).

More than five years later, Mr. McMillan, proceeding *pro se*, filed a new complaint against WMATA, alleging discrimination

5

and "malfeasance" in WMATA's General Counsel's Office, the EEOC, and the United States District Court. Compl., ECF No. 1 at 1. WMATA filed a motion to dismiss on November 9, 2018. *See* Def.'s Mot. to Dismiss, ECF No. 6 at 1. WMATA moves to dismiss Mr. McMillan's complaint on two grounds: (1) the Court lacks subject matter jurisdiction over this case because Mr. McMillan's complaint is barred by *res judicata*, *id.*; and (2) the complaint fails to state a claim upon which relief can be granted, Def.'s Mem. of Law in Support of Def.'s Mot. to Dismiss ("Def.'s Mem."), ECF No. 6-1 at 4. Mr. McMillan filed his opposition brief on December 13, 2018, Pl.'s Opp'n, ECF No. 10 at 1, and WMATA filed its reply brief on December 18, 2018, *see* Def.'s Reply, ECF No. 11. The motion is ripe and ready for the Court's adjudication.

**II. Legal Standard**

The pleadings of *pro se* parties, such as the plaintiff in the instant action, are "to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, "[a]lthough a court will read a *pro se* plaintiff's complaint liberally, a *pro se* complaint must present a claim on which the court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168

6

(D.D.C. 2002).

**A. Rule 12(b)(6)**

*1.   Failure to State a Claim*

"A Rule 12(b)(6) motion tests the legal sufficiency of a complaint[.]" *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). "[T]he complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] [the] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A complaint survives a Rule 12(b)(6) motion only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw

7

[a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A complaint alleging facts which are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

### 2. *Doctrine of Res Judicata*

"[T]he doctrine [of *res judicata*] is designed to conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981). *Res judicata* prevents the Court from hearing "repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). The doctrine "bars relitigation not only of matters determined in a previous litigation but also ones a party could have raised[.]" *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 491 (D.C. Cir. 2009) (quoting *NRDC v. Thomas*, 838 F.2d 1224, 1252 (D.C. Cir. 1988)).

"*Res judicata* may be brought as an affirmative defense that is generally pleaded in a defendant's answer, but is also properly brought in a pre-answer Rule 12(b)(6) motion when all

8

relevant facts are shown by the court's own records, of which the court takes notice." *Sczygelski v. U.S. Customs & Border Patrol Agency*, 48 F. Supp. 3d 80, 84 (D.D.C. 2014) (citations and internal quotation marks omitted), *aff'd sub nom. Sczygelski v. U.S. Customs & Border Prot.*, 624 F. App'x 1 (D.C. Cir. 2015) (per curiam).[3]

### B. Rule 12(b)(1)

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing subject matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also* Fed. R. Civ. P. 8(a)(1). "Because subject-matter jurisdiction focuses on the court's power to hear the plaintiff's claim, a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). The Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for

---

[3] The Court takes judicial notice of the prior proceedings and the subsequent appeal. *See, e.g., Covad Commc'ns Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (permitting judicial notice of public records of other proceedings); *Hemphill v. Kimberly-Clark Corp.*, 605 F. Supp. 2d 183, 186 (D.D.C. 2009) ("A court may take judicial notice of public records from other proceedings.").

9

lack of jurisdiction[.]" *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

**III. Analysis**

WMATA advances two primary arguments for dismissal. First, WMATA contends that Mr. McMillan's instant action is barred by the doctrine of *res judicata* because it attempts to revive claims of misconduct and employment discrimination that this Court dismissed in *McMillan I*. Def.'s Mot. to Dismiss, ECF No. 6. at 1. Next, WMATA argues that Mr. McMillan's "nonsensical Complaint fails to state sufficient factual allegations to state a claim for relief plausible on its face." Def.'s Mem., ECF No. 6-1 at 4. Mr. McMillan responds that "[t]he Order *obtained* from this Court on October 12, 2012 by WMATA for Summary Judgment, is the basis – not the essence of the Plaintiff's current Claim." Pl.'s Opp'n, ECF No. 10 at 5 (emphasis in original). Mr. McMillan argues that WMATA's motion to dismiss "fails to address or controvert the allegations in the complaint." *Id.* Mr. McMillan contends that WMATA's failure to conduct an inquiry into his claims can be characterized as "willful blindness" because WMATA "had express notice of the instant case," *id.*, but WMATA failed to "ascertain the facts in regard to the instant case," *id.* at 6. The Court addresses each argument, first considering whether Mr. McMillan's complaint fails to state a claim upon which relief can be granted, and then considering

whether Mr. McMillan's claims are barred by *res judicata*. The Court concludes that Mr. McMillan's complaint fails to state a claim upon which relief can be granted, and that the doctrine of *res judicata* bars this action.

### A. Mr. McMillan's Complaint Must Be Dismissed for Failure to State a Claim

Mr. McMillan brings the present action against WMATA, alleging employment discrimination and misconduct by WMATA. *See* Compl., ECF No. 1 at 1; *see also* Pl.'s Opp'n, ECF No. 10 at 5-6. WMATA argues that this Court should dismiss Mr. McMillan's complaint because it fails to state a claim upon which relief can be granted. Def.'s Mem., ECF No. 6-1 at 4. The Court agrees.

Liberally construing the complaint, Mr. McMillan appears to allege that "the United States District Court discovery apparatus" and "empirical evidence" from "the United States Department of Justice investigative services" revealed misconduct at WMATA, the EEOC, and the federal district court. *See* Compl., ECF No. 1 at 1. These conclusory allegations are not enough to meet the plausibility standard.[4] *See, e.g.*, *Twombly*,

---

[4] In his opposition brief, Mr. McMillan appears to assert a due process claim because he contends that WMATA's alleged failure to investigate his case violates his due process rights under the Fifth and Fourteenth Amendments. *See* Pl.'s Opp'n, ECF No. 10 at 3, 6, 8-9. Mr. McMillan did not assert a due process claim in his complaint, *see* Compl., ECF No. 1 at 1. While "the *pro se* litigant may, in effect, supplement his [or her] complaint with the allegations included in his [or her] opposition[,] the *pro se* plaintiff must still plead factual matter that permits the

11

550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]"); *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." (citation and internal quotation marks omitted)). Mr. McMillan's complaint is devoid of any facts or circumstances that would permit this Court to draw any inferences of the alleged misconduct. *See* Compl., ECF No. 1 at 1.

Even when given the liberal construction afforded to *pro se* pleadings, Mr. McMillan's employment discrimination claim under Title VII wholly fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court therefore finds that Mr. McMillan's claims cannot withstand a motion to dismiss.[5]

---

court to infer more than the mere possibility of misconduct." *Magowan v. Lowery*, 166 F. Supp. 3d 39, 58 (D.D.C. 2016) (citations and internal quotation marks omitted). To the extent that Mr. McMillan asserts a due process claim, the Court finds that Mr. McMillan has failed to plead facts that allow this Court to infer beyond the mere possibility of WMATA's alleged misconduct.

[5] On November 8, 2018, the Clerk of Court received Mr. McMillan's "Motion for Default for Defendant's Failure to Answer" and his Affidavit in Support of Default. *See* Pl.'s Aff. in Support of Default ("Pl.'s Aff."), ECF No. 7 at 1-2. The Clerk of Court did not enter a default against WMATA. *See generally* docket of Civil Action No. 18-2362. The Court granted Mr. McMillan leave to file the motion and affidavit on November 16, 2018. WMATA filed its opposition brief on November 28, 2018. *See* Def.'s Opp'n to Pl.'s Mot. for Default, ECF No. 8 at 1. Mr. McMillan argues that he is

12

### B. The Doctrine of *Res Judicata* Bars Mr. McMillan's Complaint

The Court next considers whether Mr. McMillan's complaint is barred by the doctrine of *res judicata.* Under this doctrine, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

It is undisputed that all four prerequisites apply in this case. The present action and *McMillan I* involve the same cause of action because Mr. McMillan continues to challenge his termination under Title VII. *See* Pl.'s Opp'n, ECF No. 10 ("[T]he instant case is substantially derivative of the [first action]."); *id.* (stating that the *McMillan I* decision "is the basis . . . of the Plaintiff's current Claim."). In 2010,

---

entitled to a default judgment because WMATA's motion to dismiss was not filed within twenty-one days after being served with the summons and complaint. *See* Pl.'s Aff., ECF No. 7 at 1-2; *see also* Pl.'s Opp'n, ECF No. 10 at 5. "[U]nless the complaint states a claim upon which relief may be granted as to the defendant[ ] who [has] defaulted, default judgment is not justified." *Harris v. U.S. Dep't of Justice*, 600 F. Supp. 2d 129, 136–37 (D.D.C. 2009). The Court therefore **DENIES** Mr. McMillan's motion for default judgment because Mr. McMillan has failed to provide a "short and plain statement of the claim showing that [he] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and Mr. McMillan's complaint fails to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6).

13

Mr. McMillan brought a Title VII lawsuit against WMATA, *see* Compl., *McMillan I*, Civil Action No. 10-1867, ECF No. 1 at 1, and he brought this action under Title VII against WMATA in 2018, *see* Compl., ECF No. 1 at 1. In *McMillan I*, this Court granted WMATA's motion for summary judgment, which constitutes a final judgment on the merits. *See Prakash v. Am. Univ.*, 727 F.2d 1174, 1182 (D.C. Cir. 1984) ("As a decision on the merits, a summary judgment merges or bars the action for res judicata purposes." (footnote omitted)). There is no question that this Court is a court of competent jurisdiction.

A final "judgment bars any further claim based on the same '*nucleus of facts*,' for 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'" *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir. 1977)) (emphasis added). "In order to determine whether factual events are part of the same transaction, a court must 'determine[ ] pragmatically . . . whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Sczygelski*, 48 F. Supp. 3d at 85 (quoting *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997)).

The instant action concerns the same "nucleus of facts" that this Court addressed in *McMillan I* because Mr. McMillan challenges not only his termination in both actions, but also WMATA's alleged failure to investigate his other claims stemming from his termination. *Compare McMillan I*, 898 F. Supp. 2d at 66 (Mr. McMillan alleged "mismanagement," "fraud, waste and abuse" at WMATA), *with* Compl., ECF No. 1 at 1 (alleging "malfeasance" at WMATA, the EECO, and the federal district court). Mr. McMillan had the opportunity to litigate those claims against the EEOC and the federal district court in *McMillan I*, but he decided to base, in part, his lawsuit on WMATA's alleged mismanagement. The Court therefore finds that Mr. McMillan's present action is barred by the doctrine of *res judicata* because his claims could have been—and some have already been—raised in *McMillan I*.[6]

Nothing in the attachments to Mr. McMillan's complaint alters this conclusion. *See* Compl., ECF No. 1-1 at 1-16. Mr.

---

[6] To the extent Mr. McMillan asserts a fraud claim, *see* Pl.'s Opp'n, ECF No. 10 at 2-3, that claim is barred by *res judicata* because he asserted fraud allegations against WMATA in *McMillan I*. *See* 898 F. Supp. 2d at 66. Mr. McMillan appears to rely on *Gabelli v. S.E.C.*, 568 U.S. 442 (2013), to suggest that WMATA has committed fraud. *See* Pl.'s Opp'n, ECF No. 10 at 2-3. In *Gabelli*, the Supreme Court held that the United States Securities and Exchange Commission ("SEC") cannot seek civil penalties under 28 U.S.C. § 2462 for a claim that accrued more than five years before the SEC filed the action. 568 U.S. at 454. *Gabelli*, a case that applies to SEC civil-enforcement actions alleging securities fraud, has no bearing on this case.

McMillan attaches to his complaint certain e-mail communications, letters, and court filings in *McMillan I*. *See id*. In September 2018, Mr. McMillan sent an e-mail to WMATA, expressing his intention to file a "follow-up civil action" to *McMillan I. Id.* at 2. Ten days before Mr. McMillan filed this action, he sent an e-mail to WMATA's Board of Directors, stating that "[c]onstructive notice is chargeable where-there has been lack of due diligence or a design to abstain from inquiry to avoid notice." *Id.* at 1. He goes on to state that WMATA's Board of Directors has been "afforded the opportunity to inquire into and deny the law on which the entitlement to make the claim is based." *Id.* To support his statements, Mr. McMillan cites non-binding, New York state court decisions. *Id.* (citing *Reed v. Gannon*, 50 N.Y. 345, 350 (N.Y. 1872); *Seymour v. Seymour*, 28 A.D. 495 (N.Y. App. Div. 1898); *In re Di Marti*, 72 Misc. 148, 151 (N.Y. Sup. Ct. 1911)). In his opposition brief, Mr. McMillan relies on those same New York state court decisions and other decisions to make the same "constructive notice" argument that WMATA failed to examine the underlying facts of his claims. Pl.'s Opp'n, ECF No. 10 at 6.[7]

To the extent Mr. McMillan attempts to assert a new legal

---

[7] Mr. McMillan's cited cases are inapposite for the simple reason that WMATA does not dispute that it had notice of the lawsuits. *See* Pl.'s Opp'n, ECF No. 10 at 2-3, 6-8; *see generally* Def.'s Reply, ECF No. 11.

theory as the basis for the present action, such a "new" theory—
that WMATA had constructive notice of his claims and failed to
examine the facts of his case—could have been brought in
*McMillan I*. *See Thunder v. U.S. Parole Comm'n*, 133 F. Supp. 3d
5, 8 (D.D.C. 2015) (Sullivan, J.) ("A party cannot escape
application of the doctrine by raising a different legal theory
or by seeking a different remedy in the new action that was
available to him in the prior action."). Indeed, Mr. McMillan
has already claimed that WMATA ignored his claims in *McMillan I*.
*See Po Kee Wong v. U.S. Sol. Gen.*, 839 F. Supp. 2d 130, 137
(D.D.C. 2012) (Sullivan, J.) (dismissing a *pro se* plaintiff's
claims on grounds of *res judicata* because the plaintiff had his
opportunity to fully litigate the claims in a prior proceeding),
*aff'd*, No. 12-5102, 2012 WL 3791302 (D.C. Cir. Aug. 8, 2012).
While the law in this Circuit makes clear that "[r]es judicata
may not bar a later suit where the plaintiff was not aware of
its claim at the time of the first litigation[,]" *Capitol Hill
Grp.*, 569 F.3d at 491, Mr. McMillan has failed to present any
new evidence that demonstrates that he was unaware of the claims
in his complaint in the instant action at the time of *McMillan
I*.

Having found that Mr. McMillan's complaint is barred by the
doctrine of *res judicata*, the Court next addresses WMATA's
argument for dismissal for lack of subject matter jurisdiction.

*See* Def.'s Mot. to Dismiss, ECF No. 6 at 1. Mr. McMillan has failed to argue that he has met his burden of establishing that the Court has subject matter jurisdiction. *See generally* Pl.'s Opp'n, ECF No. 10. Instead, he appears to argue that this Court must consider whether exercising personal jurisdiction over WMATA would offend "traditional notions of fair play and substantial justice." Pl.'s Opp'n, ECF No. 10 at 2 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Court need not address Mr. McMillan's argument because WMATA does not move to dismiss the complaint for lack of personal jurisdiction. *See* Def.'s Mot. to Dismiss, ECF No. 6 at 1. Because the Court has determined that Mr. McMillan fails to meet the plausibility standard to survive a motion to dismiss under Rule 12(b)(6), the Court need not reach the other basis for dismissal—lack of subject matter jurisdiction—advanced by WMATA.[8] *See Kaufman v. I.R.S.*, 787 F. Supp. 2d 27, 34 n.6 (D.D.C. 2011). Furthermore, the D.C. Circuit has made clear that *res judicata* does not deprive the Court of subject matter jurisdiction. *E.g.*,

---

[8] WMATA's reliance on *Rizvi v. McClure*, 597 F. Supp. 2d 63, 66 (D.D.C. 2009) does not change this conclusion. *See* Def.'s Mem., ECF No. 6-1 at 3. The court's observation in *Rizvi*—that "a motion for dismissal based on res judicata properly falls under Federal Rule of Civil Procedure 12(b)(1)," 597 F. Supp. 2d at 66—is inconsistent with D.C. Circuit precedent because *res judicata* does not affect the Court's subject matter jurisdiction. *See, e.g.*, *Smalls*, 471 F.3d at 189; *Kursar v. Transportation Sec. Admin.*, 751 F. Supp. 2d 154, 163 n.7 (D.D.C. 2010), *aff'd*, 442 F. App'x 565 (D.C. Cir. 2011).

*Bailey v. Fulwood*, 793 F.3d 127, 136 n.5 (D.C. Cir. 2015) ("[N]either collateral estoppel nor *res judicata* deprives the court of subject-matter jurisdiction."); *Smalls*, 471 F.3d at 189 ("[T]he defense of *res judicata*, or claim preclusion, while having a somewhat jurisdictional character, does not affect the subject matter jurisdiction of the district court.").

Finally, WMATA moves to dismiss this action with prejudice. Def.'s Mem., ECF No. 6-1 at 1. The Court observes that "[t]he standard for dismissing a complaint with prejudice is high: 'dismissal *with prejudice* is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Belizan v. Hershon,* 434 F.3d 579, 583 (D.C. Cir. 2006) (emphasis in original) (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir. 1996). Because such a determination has been made, the Court must dismiss this action with prejudice.

### IV. Conclusion

For the reasons set forth above, the Court **GRANTS** WMATA's motion to dismiss and **DISMISSES WITH PREJUDICE** Mr. McMillan's complaint. A separate Order accompanies this Memorandum Opinion.

**SO ORDERED**

**Signed:   Emmet G. Sullivan**
          **United States District Judge**
          **July 26, 2019**